IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| JOE DENNIS | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. H-05-0547 |
| | ) |
| HOUSTON INDEPENDENT SCHOOL DISTRICT., *et al.* | ) |
| | ) |
| Defendants | ) |
| | ) |

## MEMORANDUM AND ORDER

Pending before the court is a motion to dismiss brought by one of the defendants, Houston Association of School Administrators (HASA).  Doc. 4.  The Plaintiff, Joe Dennis (Dennis), responded.  Doc. 6.  HASA also filed a reply brief.  Doc. 18.

**BACKGROUND**

Dennis alleges that racial bias lead to his termination as the vice principal of an elementary school in the Houston Independent School District (HISD).  According to his complaint, his superior, Principal Elizabeth Rios, resented him as an African-American man.  After a series of professional disputes, Dennis filed a grievance and retained an attorney.  Dennis alleges that an attorney for the HISD, Monetta Kay DeWalt (DeWalt), "instigated Paul Ofield" (Ofield) to interfere with Dennis' relationship with Dennis' attorney, i.e., with his ability to exercise his rights under the relevant grievance procedure.  Ofield was the executive director of HASA.  Dennis further alleges that Ofield actually interfered with his ability to pursue his grievance.  Dennis concludes that Ofield's actions violated 42 U.S.C. § 1983 (§ 1983).

**LEGAL ANALYSIS**

HASA argues that this court should dismiss Dennis' claims against it. HASA's argument implies (1) that a private actor must promise to take, as well as actually take, some forbidden action and (2) that a plaintiff must allege that the private actor made such a promise.[1]

A complaint must contain only, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a "short plain statement" does "not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). Nevertheless, the complaint should be dismissed if it states no claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff's complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).

A plaintiff complaining that a private actor violated § 1983, "must allege facts that suggest an agreement between the private and public defendants to commit an illegal act[.]" *Cinel v. Connick,* 15 F.3d 1338, 1343 (5th Cir. 1994) (citing *Arsenaux v. Roberts,* 726 F.2d 1022, 1024 (5th Cir. 1982)). A plaintiff fails to meet this burden if the complaint does not specifying facts to support the conclusion that a conspiracy existed. *Arsenaux v. Roberts,* 726 F.2d 1022, 1024 (5th Cir. 1982). However, a complaint

---

[1] HASA also filed a reply brief in which it argued that Dennis' claim might fail in several other ways. Because HASA did not provide Dennis with an opportunity to respond to the arguments raised in the reply brief, this court will not consider them.

alleging a violation of § 1983 need not be more specific than any other complaint. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993).

Dennis' complaint states a claim.  Dennis alleged that HISD "instigated" HASA to take actions that deprived him of his constitutional rights.  HASA appears to argue that "instigated" is the sort of conclusory allegation that *Fernandez-Montes* instructs trial courts to disregard.  However, the complaint notifies HASA who Dennis believes initiated the conspiracy, DeWalt, and who committed the overt acts in furtherance of the conspiracy, Ofield.  Thus, the word "instigated" is a sufficiently factual, rather than conclusory, allegation to meet the relevant pleading standards.

More specifically, HASA argues that Dennis never alleged that Ofield, on behalf of HASA, *agreed* to commit the act that allegedly violated § 1983.  The omission is immaterial because Dennis alleged that Ofield actually committed the act.  Ofield must have agreed to commit the act that DeWalt requested because Ofield appears to have had no other reason to interfere with Dennis' due process rights.  Thus, Ofield differs from the defendants absolved of liability in the two appellate cases cited by HASA.

In the first case, Terry Priester endured racial slurs of his high school football coach and one teammate.  *Priester v. Lowndes County,* 354 F.3d 414 (5th Cir. 2004), *cert. denied* 125 S.Ct. 153.  Eventually the teammate gouged Priester's eye.  The Fifth Circuit held that teammate was not a state actor.  The court found no evidence that the teammate and the coach had ever coordinated the attack.  At most, they habitually directed the same racist slurs at the plaintiff.

In the second case, a former priest did not allege facts that would allow him to pursue a claim under § 1983 against private actors who had published his video tapes. *Cinel v. Connick,* 15 F.3d 1338 (5th Cir. 1994).  Dino Cinel was a priest in New Orleans.

He recorded himself engaging in sex acts with two young men. Another priest discovered the tape and gave it to the local District Attorney. An investigator for the District Attorney's office gave the tape to a private investigator. Then, private investigator gave the tape to a local television station. The television station broadcast excerpts of the tape. Cinel's claims against the television station were dismissed because, "[n]othing in [the] complaint intimates that [the state's investigator's] intention in releasing the information to [the private investigator] was to make it available for future publication." *Id.* at 1344.

In both *Priester* and *Cinel,* the private actors had their own reasons for taking actions that supposedly violated the plaintiffs' constitutional rights. No state actor specifically directed the private actor to take the action that allegedly violated the constitution. In contrast, Dennis alleges that HASA acted at the request of HISD and behaved more like an agent than a conspirator. Thus, the facts of *Priester* and *Cinel* differ so significantly from the facts of this case that the court is compelled to reach the opposite result and hold that Dennis has stated a claim on which relief may be granted.

Accordingly, it his hereby ORDERED: The motion to dismiss brought by the Defendant, Houston Association of School Administrators, is DENIED (Doc. 4).

SIGNED at Houston, Texas, this 8th day of March, 2006.

                                          MELINDA HARMON
                                 UNITED STATES DISTRICT JUDGE